STATE OF VERMONT
CHITTENDEN COUNTY, SS.

| | |
|---|---|
| PATRICIA DUGUIE *and* <br> PATRICIA DEFORGE <br>     Plaintiffs <br><br> v. <br><br> CITY OF BURLINGTON, <br>     JOHN DOES 1-9 <br>     Individually and as Officers of <br>     City of Burlington Police Dept. <br>     Defendants | CHITTENDEN SUPERIOR COURT <br> DOCKET NO. 253-03 CnC <br> 2:03-cv-105 <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

NOW COME the Plaintiffs, Patricia Duguie and Patricia DeForge, by and through their attorneys, Unsworth Powell Barra Orr & Bredice, PLC, and Complain against the Defendants, City of Burlington and John Does 1-9, as follows:

1. Patricia Duguie resides in Chittenden County, Vermont.

2. Patricia DeForge resides in Chittenden County, Vermont.

3. Loso's Professional Janitorial Services, Inc. ("Loso's") is a corporation duly incorporated in the State of Vermont and has its office in South Burlington, VT.

4. Harry J. Loso is the president of Loso's and is involved in the daily functioning of that corporation.

5. The Defendant City of Burlington is a municipal entity chartered under Vermont law.

6. Defendants John Does 1-9 were at all material times police officers for the Burlington Police Department.

1

*UNSWORTH POWELL BARRA ORR & BREDICE, PLC*
*26 Railroad Ave., P.O. Box 123, Essex Junction, VT 05453-0123*
*Telephone: (802) 879-7133 ~ Fax (802) 879-0408*

7. At all material times, Loso's had a contract with the City of Burlington to provide janitorial services at the Burlington City Police Department.

8. The City of Burlington Police Department, through its agents and employees could and did direct Plaintiffs in the performance of their cleaning services, in exchange for direct or indirect gain.

9. The City required Loso's to maintain certain employee practices, including the payment of certain minimum wages to Loso's employees.

10. At all material times, Plaintiffs were employed by Loso's and placed at the Burlington City Police Department site to perform cleaning there.

11. At all material times, Loso's acted as the agent of the City of Burlington as that term is used in 21 V.S.A. § 495d(1).

12. Initially, when Duguie or DeForge was engaged in cleaning the men's locker room or bathroom, she would place her cleaning barrel in front of the doorway to the bathroom or locker room to indicate that the room was being cleaned.

13. On repeated occasions, despite the presence of the cleaning barrel, male police officers of the Burlington Police Department entered the men's bathroom or locker room while Patricia Duguie was cleaning by going around the barrel.

14. On repeated occasions, despite the presence of the cleaning barrel, male police officers of the Burlington Police Department entered the men's bathroom while Patricia DeForge was cleaning by going around the barrel.

15. Thereafter, when Duguie or Deforge was engaged in cleaning the men's locker room or bathroom, she would place a bar across the door to the locker room or bathroom,

2

and on the bar a sign indicating that a female was cleaning the area and men should stay out.

16. On repeated occasions between 2000 and 2002, despite the presence of the bar and the sign, male police officers of the Burlington Police Department entered the men's bathroom and/or locker room while Patricia Duguie was cleaning the bathroom by ducking under the bar.

17. On repeated occasions between 2000 and 2002, despite the presence of the bar and the sign, male police officers of the Burlington Police Department entered the men's bathroom and/or locker room while Patricia DeForge was cleaning the bathroom by ducking under the bar.

18. While the bar was in place, in order to enter the bathroom or locker room, a person would need to go over or under the bar.

19. On one occasion between 2000 and 2002, while Patricia DeForge was cleaning the bathroom a male police officer undressed, taking off his pants, while DeForge could clearly see him, and continued undressing despite Ms. DeForge's calls to him to stop.

20. On one occasion between 2000 and 2002 inclusive, a Burlington Police Department Detective entered the locker room while Patricia Duguie was vacuuming, and changed his clothes.

21. While the Detective in question was undressing, a Burlington Police Officer called Patricia Duguie to the area where she could see the Detective undressing, knowing that she would view the undressing when she answered his call.

3

*UNSWORTH POWELL BARRA ORR & BREDICE, PLC*
*26 Railroad Ave., P.O. Box 123, Essex Junction, VT 05453-0123*
*Telephone: (802) 879-7133 ~ Fax (802) 879-0408*

22. On repeated occasions between 2000 and 2002 inclusive, male police officers would urinate at the unenclosed urinals while Ms. Duguie was in the bathroom cleaning.

23. On repeated occasions between 1995 and 2002 inclusive, male police officers would urinate at the unenclosed urinals while Ms. DeForge was in the bathroom cleaning.

24. The male officers did so despite the availability of other bathrooms.

25. In each of these instances, the officers were on the job and acting, relative to the Plaintiffs, in their capacity as employees of the Burlington Police Department.

26. Ms. Duguie and Ms. DeForge complained about these incidents to Harry Loso.

27. Ms. Duguie and Ms. DeForge complained about these incidents to numerous members of the police department.

28. Ms. Duguie complained about these incidents to the office of Police Chief Alana Ennis.

29. Ms. Duguie also complained about these incidents to Shirley Gilmond, a city employee involved with payroll duties.

30. Ms. DeForge complained about these incidents to Officer Bonnie Beck.

31. Ms. DeForge also complained about these incidents to Mary McAllister, who is the Department's Victim's Advocate specializing in domestic abuse.

32. Ms. DeForge also complained about these incidents to Lieutenant Emmet Helrich.

33. Following those complaints, Ms. Duguie was subjected to verbal abuse, harassment and ridicule by ranking officers of the City Police Department.

4

34. Following those complaints, and in retaliation therefore, members of the Department's staff took various actions to make it more difficult for Ms. Duguie and Ms. DeForge to perform their duties.

35. Defendants failed to properly supervise and/or discipline the offending officers to protect Plaintiffs from repeated exposure to the recurring and offending pattern of conduct.

36. Defendants failed to properly supervise and/or discipline the offending officers to protect Plaintiffs from retaliation.

37. Defendants' actions and omissions had the effect of substantially interfering with the work performance of Ms. Duguie and Ms. DeForge.

38. Defendants' actions and omissions created an intimidating, hostile and offensive work environment.

39. Defendants' actions and omissions caused Ms. Duguie to quit her job at Loso's.

40. Defendants' actions and omissions caused Ms. DeForge to quit her job at Loso's.

41. Defendants' actions and omissions were done intentionally and/or with reckless disregard of the probability that they would cause Patricia Duguie emotional distress.

42. Defendants' actions and omissions violated the constitutional rights of Ms. Duguie and caused her extreme emotional distress, anxiety, medical expenses and loss of wages.

43. Defendants' actions and omissions violated the constitutional rights of Ms. DeForge and caused her anxiety and loss of wages.

5

44. Defendants acted with malice or intentional, wanton and reckless disregard of the rights of Plaintiffs.

## COUNT ONE
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

45. The allegations in paragraphs 1 - 44 are repeated and reasserted herein.

46. Defendants' actions and omissions are outrageous and caused Ms. Duguie extreme emotional distress, anxiety, medical expenses, and loss of wages.

## COUNT TWO
## EQUAL PROTECTION CLAIM – Vermont Constitution

47. The allegations in paragraphs 1 – 46 are repeated and reasserted herein.

48. The acts and omissions of Defendants described above were taken by Defendants under color of law.

49. Defendants City of Burlington treated Patricia Duguie and Patricia DeForge differently and worse than it treated males in similar circumstances.

50. Defendants' sexual harassment of Plaintiffs is a violation of Plaintiffs' rights to equal protection.

51. By their acts and omissions, Defendants violated Plaintiffs' rights guaranteed by Chapter I, Article 7 of the Vermont Constitution.

## COUNT THREE
## EQUAL PROTECTION CLAIM – United States Constitution

52. The allegations in paragraphs 1 - 51 are repeated and reasserted herein.

53. By their acts and omissions, Defendants violated Plaintiffs' rights guaranteed by the Equal Protection Clause of the United States Constitution.

6

*UNSWORTH POWELL BARRA ORR & BREDICE, PLC*
*26 Railroad Ave., P.O. Box 123, Essex Junction, VT 05453-0123*
*Telephone: (802) 879-7133 ~ Fax (802) 879-0408*

54. Plaintiffs seek those remedies secured by 42 U.S.C. § 1983.

## COUNT FOUR
## FIRST AMENDMENT RETALIATION CLAIM – United States Constitution

55. The allegations in paragraphs 1 – 54 are repeated and reasserted herein.

56. Plaintiffs' complaints about the above described conduct of the Defendants were an exercise of their constitutional right to seek redress of grievances.

57. Defendants' acts and omissions in response to Plaintiffs' efforts to seek redress of their grievances was an exercise in retaliatory violation of those rights guaranteed to the Plaintiffs under the First Amendment to the U.S. Constitution.

58. Plaintiffs seek those remedies secured by 42 U.S.C. § 1983.

## COUNT FIVE
## VIOLATION OF VERMONT FAIR EMPLOYMENT PRACTICES ACT

59. The allegations in paragraphs 1 – 58 are repeated and reasserted herein.

60. The City of Burlington Police Department is an employer subject to the Vermont Fair Employment Practices Act, 21 V.S.A. § 495 et seq. ("VEPA").

61. Plaintiffs Duguie and DeForge are employees pursuant to VEPA.

62. Defendants' acts and omissions constitute discriminatory treatment of Plaintiffs Duguie and DeForge on the basis of gender in violation of VEPA.

63. Defendants' acts and omissions caused a constructive discharge of Plaintiffs on the basis of gender in violation of VEPA.

64. Defendants' actions and omissions had the effect of substantially interfering with the work performance of Ms. Duguie and Ms. DeForge.

*UNSWORTH POWELL BARRA ORR & BREDICE, PLC*
*26 Railroad Ave., P.O. Box 123, Essex Junction, VT 05453-0123*
*Telephone: (802) 879-7133 ~ Fax (802) 879-0408*

7

65. Defendants' actions and failures created an intimidating, hostile and offensive work environment.

66. Defendants' acts and omissions constitute sexual harassment of Plaintiffs Duguie and DeForge on the basis of gender in violation of VEPA.

## COUNT SIX
## TERMINATION IN VIOLATION OF PUBLIC POLICY

67. The allegations in paragraphs 1 – 66 are repeated and reasserted herein.

68. The City of Burlington Police Department is an employer in relation to Plaintiffs.

69. Defendants' acts and omissions caused constructive discharge of the Plaintiffs in violation of Vermont public policy.

**WHEREFORE** the Plaintiffs request this Court to enter judgment as follows:

1. For all relief necessary to make Plaintiffs whole, including without limitation lost wages, future lost wages, medical expenses, and damages for emotional distress;

2. Prejudgment interest;

3. Punitive damages;

4. Attorney's fees, litigation expenses, costs and expenses;

5. All other such relief as this Court may deem just.

**JURY TRIAL DEMANDED**

Dated at Essex Junction, Vermont this 12th day of February, 2003.

By: _____
Steven A. Bredice, Esq.
Unsworth Powell Barra Orr & Bredice, LLC
Attorneys for Plaintiffs
P.O. Box 123
Essex Jct., VT 05453

8